**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

NATIONAL SECURITY COUNSELORS     *
1200 South Courthouse Road, Suite 124     *
Arlington, VA  22204,     *
     *
    Plaintiff,     *
     *
    v.     *     Civil Action No.  1:11-cv-0443-BAH
     *
CENTRAL INTELLIGENCE AGENCY     *
Washington, DC  20505,     *
     *
    Defendant.     *
     *
*   *   *   *   *   *   *   *   *   *   *   *   *

## COMPLAINT

Plaintiff National Security Counselors brings this action against Defendant Central

Intelligence Agency pursuant to the Freedom of Information Act, 5 U.S.C. § 552, *et seq.*, *as*

*amended* ("FOIA"), the Administrative Procedure Act ("APA"), 5 U.S.C. § 701, *et seq.*, the

Federal Declaratory Judgment Act, 28 U.S.C. § 2201, and the All Writs Act, 28 U.S.C. § 1651.

## JURISDICTION

1.     This Court has both subject matter jurisdiction over this action and personal

jurisdiction over Defendant pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

## VENUE

2.     Venue is appropriate under 5 U.S.C. §§ 552(a)(4)(B), 703 and 28 U.S.C. § 1391.

## PARTIES

3.     Plaintiff National Security Counselors ("NSC") is a non-profit organization under

the laws of the Commonwealth of Virginia and has the ability to disseminate information on a

wide scale.

4.      Defendant Central Intelligence Agency ("CIA") is an agency within the meaning of 5 U.S.C. § 552(e), and is in possession and/or control of the records requested by Plaintiff which are the subject of this action.

## FIRST CAUSE OF ACTION

## (FOIA – RECORDS DENIAL – F-2008-01105)

5.      NSC repeats and realleges the allegations contained in all paragraphs set forth above.

6.      On 10 April 2008, the James Madison Project ("JMP") submitted to CIA a FOIA request for eleven (11) articles originally published in the CIA in-house journal *Studies in Intelligence*.  This request was submitted by Kel McClanahan, JMP's Director of FOIA Operations, as part of a research project.

7.      On 14 May 2008, CIA acknowledged receipt of this request and assigned it Request No. F-2008-01105.  This letter classified JMP as an "all other" requester but then stated, "[S]ince it is estimated that costs will be minimal, as an act of administrative discretion, fees will not be assessed in this particular instance."

8.      On 27 February 2009, CIA released ten responsive articles to JMP and stated that one could not be located.  Four articles were released in their entirety.  The following five articles were released with redactions justified by FOIA Exemptions (b)(1), (b)(2), and/or (b)(3): "Bestiary of Intelligence Writing"; "The CIA and Academe"; "Intelligence and Policy: The On-Going Debate"; "The Shah's Illness and the Fall of Iran"; and "Teaching Intelligence."  One article, "Interrogation of an Alleged CIA Agent," was released with one redaction not justified by any FOIA exemptions, although this redaction was not discovered for over a year.

9.      On 13 April 2009, JMP appealed the invocation of FOIA Exemptions (b)(1),

(b)(2), and (b)(3) with respect to the five articles for which they were cited.

10.      On 23 April 2009, CIA acknowledged receipt of this appeal.

11.      On 31 July 2009, Kel McClanahan left JMP's service and chartered NSC, of

which he currently serves as Executive Director.  At this time, he was still working on the

research project associated with this FOIA request, and he continued working on it at NSC.

12.      On 7 October 2009, in recognition of the fact that JMP no longer had an interest

in the records responsive to this FOIA request and Mr. McClanahan continued to possess an

interest in the records for his work at NSC, JMP assigned all rights, benefits, and interests

derived from this request to NSC.  In this Assignment of Rights, JMP transferred to NSC the

ability and right to pursue any administrative or legal methods at its disposal relative to this

FOIA request and surrendered any claims it may have had with respect to this FOIA request.

13.      On 25 May 2010, NSC sent the following letter to CIA:

On 13 April 2009, the James Madison Project ("JMP"), the original requester on

this request, submitted an appeal to the CIA of certain withholdings of information which

is apparently still under consideration by the Agency Release Panel.  Since then, JMP has

assigned all rights in this request to National Security Counselors.  Upon a closer review

of the records you released, I just noticed a minor redaction in one of the documents that

was not claimed as an exemption, and we wish to amend the original appeal to cover this

redaction as well.

On Page 53 of the article "Interrogation of an Alleged CIA Agent," MORI 47406,

the second paragraph begins with the sentence "What appears above is excerpted from

several experimental sessions by an intelligence officer with an Artificial Intelligence

program known as [redacted]."  However, no reason is given for this redaction and no

exemptions are claimed for this document.  Please release an unredacted copy of this

article or assert a proper FOIA exemption for the redaction that we may then appeal.

Your cooperation in this matter would be appreciated.  If you wish to discuss this

request, please do not hesitate to contact me.

Sincerely, Kel McClanahan, Executive Director

CIA did not acknowledge receipt of this letter.

14.     Between January and April 2010, NSC began to suspect that CIA was refusing to

recognize the Assignment of Rights.  On 26 April 2010, NSC requested assistance by email from

the Office of Government Information Services ("OGIS") regarding this problem.

15.     In June 2010, Karen Finnegan of OGIS discussed this matter with a representative

of the CIA Office of General Counsel ("OGC").  On 8 June 2010, Ms. Finnegan informed NSC

by email that the OGC representative had told her that it was CIA policy not to accept

assignments of rights to requests, and that CIA will continue to implement this policy.

Furthermore, Ms. Finnegan informed NSC that CIA had stated that it would not accept the appeal

NSC had filed from actions taken on the JMP request.  According to Ms. Finnegan, CIA

suggested that NSC could always file a new FOIA request for the same records in order to pursue

them administratively, although CIA conceded that such an action would place the NSC request

at the end of the processing queue, two years behind the JMP request.

16.     As twenty working days have elapsed without a substantive determination by

CIA, NSC has exhausted all required administrative remedies.

17.     NSC has a legal right under FOIA to obtain the information it seeks, and there is

no legal basis for the denial by CIA of said right.

**SECOND CAUSE OF ACTION**

**(FOIA/APA/MANDAMUS – REFUSAL TO RECOGNIZE ASSIGNMENTS OF RIGHTS)**

18.     NSC repeats and realleges the allegations contained in all paragraphs set forth above.

19.     CIA admits that its refusal to recognize the Assignment of Rights between JMP and NSC represents an ongoing policy.

20.     The Court has virtually unlimited equitable authority to declare a "sufficiently outrageous" ongoing policy or practice to be unlawful even if the agency reverses its position with respect to the FOIA request in question.

21.     Upon information and belief, if NSC were to file a new FOIA request for the same records requested by JMP, as CIA suggested, it would likely have to wait a year (as JMP did) before receiving even the redacted records, which it would then have to appeal administratively. The imposition of such an arbitrary delay violates the basic precept of FOIA that requesters are entitled to receive information on government activity *in a timely manner*.

22.     Rights and interests in legal proceedings are assignable as a matter of law, and an agency's duty to respect assignments of these rights is non-discretionary and ministerial in nature.  CIA's policy of refusing to respect such an assignment, refusing to accept administrative appeals filed by the assignee, and forcing an assignee to face unnecessary delays by resubmitting a properly assigned request is in violation of FOIA and/or the APA.  Such a policy constitutes outrageous conduct for purposes of the broad equitable powers provided by FOIA to the Court. Such a policy is arbitrary, capricious, an abuse of discretion, or otherwise contrary to law.

23.     CIA is violating its clearly mandated ministerial duty under applicable case law, thereby harming NSC by denying it access to records in a timely manner.

5

24.     The Court may draw its authority to remedy such a policy or practice either from FOIA's grant of equitable authority or from the APA.  These two sources of authority overlap, and no bright-line rule exists to distinguish them clearly.

25.     NSC was materially harmed by this practice due to the simple fact that CIA's refusal to allow NSC to administratively seek appellate review of any redactions left NSC with a Hobson's choice between: (a) accepting the inordinate delays associated with filing a duplicate request; and (b) filing a costly court case to validate its legitimate interest in the assigned FOIA request.

26.     NSC stands to continue to be harmed by this ongoing policy in the future, as JMP assigned its rights in a total of five (5) CIA requests to NSC on 7 October 2009.

27.     NSC has a direct interest in ensuring that agencies process FOIA requests in accordance with federal law.

28.     NSC is therefore entitled to relief in the form of either: (a) a declaratory order that CIA is in violation of its statutory responsibilities under FOIA and an injunction compelling CIA pursuant to that statute to recognize assignments of rights in FOIA requests in the administrative stage; or (b) a writ of mandamus ordering CIA to comply with the applicable case law governing assignment of rights and interests in legal proceedings and accordingly honor future assignments of rights in FOIA requests.

## THIRD CAUSE OF ACTION

### (FOIA – CONSTRUCTIVE RECORDS DENIAL – F-2010-01186)

29.     NSC repeats and realleges the allegations contained in all paragraphs set forth above.

30.     On 13 May 2010, NSC submitted to CIA a FOIA request for the Tables of Contents from all *Studies in Intelligence* back issues, excluding Tables of Contents that are publicly available on CIA's website.

31.     On 25 June 2010, CIA acknowledged receipt of this request and assigned it Request No. F-2010-01186.  This letter stated, "As a matter of administrative discretion, and in accordance with our regulations, the Agency has waived the fees for this request."

32.     As twenty working days have elapsed without a substantive determination by CIA, NSC has exhausted all required administrative remedies.

33.     NSC has a legal right under FOIA to obtain the information it seeks, and there is no legal basis for the denial by CIA of said right.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff National Security Counselors prays that this Court:

(1)     Order the Central Intelligence Agency to disclose the requested records in their entirety and make copies promptly available to it;

(2)     Declare and find that CIA violated FOIA and/or the Administrative Procedure Act by refusing to accept JMP's 7 October 2009 Assignment of Rights and refusing to accept NSC's 25 May 2010 administrative appeal;

(3)     Declare and find that any CIA regulations, guidelines, or policy statements that authorize refusing to accept assignments of rights in FOIA requests constitute an unreasonable interpretation of the statutory obligations imposed by FOIA;

(4)     Order CIA, in the form of injunctive and mandamus relief, to accept assignments of rights in its future processing of FOIA requests and to amend its regulations, guidelines, and policy statements accordingly;

(5)     Order preliminary and permanent injunctive and/or declaratory relief as may be appropriate;

(6)     Award reasonable costs and attorneys' fees as provided in 5 U.S.C. § 552(a)(4)(E), 28 U.S.C. § 2412(d), or any other applicable law;

(7)     Expedite this action in every way pursuant to 28 U.S.C. § 1657(a); and

(8)     Grant such other relief as the Court may deem just and proper.

Date:   February 28, 2011

                                            Respectfully submitted,


                                            _____
                                            Kelly B. McClanahan, Esq.
                                            DC Bar #984704
                                            National Security Counselors
                                            1200 South Courthouse Road
                                            Suite 124
                                            Arlington, VA  22204
                                            301-728-5908
                                            240-681-2189 fax
                                            Kel@NationalSecurityLaw.org

                                            Attorney for Plaintiff