**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

NATIONAL SECURITY COUNSELORS,  \*
                                    \*
        Plaintiff,           \*
                                      \*
        v.                 \*        Case: 1:11-cv-00443 (BAH)
                                      \*
CENTRAL INTELLIGENCE AGENCY,  \*
                                      \*
        Defendant.      \*
                                      \*

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

**PLAINTIFF'S MOTION TO COMPEL PRODUCTION,**
**OR, IN THE ALTERNATIVE, FOR STATUS CONFERENCE**

NOW COMES Plaintiff to respectfully request that the Court order the Central

Intelligence Agency ("CIA") to provide the undersigned with redacted copies of two records

previously provided upon request to the Federal Bureau of Investigation ("FBI") to be reviewed

for classified information, or, in the alternative, for a status conference to discuss the matter.

In December 2011, the undersigned received two CIA documents from a third party that

he later concluded may contain classified information.  Upon reaching this conclusion, he

contacted Defendants' counsel, Ryan Parker, and requested guidance regarding the use of the

documents, since they were material to Count Three of this case.  Mr. Parker referred the matter

to FBI.  In January, FBI Special Agent M.B.[1] contacted the undersigned and scheduled for him to

come in to the Washington Field Office for a meeting regarding the documents.  M.B. asked the

undersigned to bring a copy of the documents with him for FBI to keep for review.

---

[1] Plaintiff refers herein to FBI employees by initials out of an abundance of caution so as to protect their identities.  Should the Court find it necessary to know the agents' names, Plaintiff will provide the Court with that information.

On 18 January 2012 the undersigned met with M.B. and another FBI agent in the Washington Field Office.  During that meeting he signed a non-disclosure agreement in which he agreed not to disclose any classified contents of the documents without prior approval from the United States government.  At this meeting he explained how he had come by the documents and gave paper and electronic copies to FBI.  He informed the FBI agents that he did not want to divulge any classified information and stated that he expected FBI to return redacted copies of the documents to him with any classified information redacted.  He also informed the FBI agents that in the instance the documents did contain classified information, he would be willing to turn over all of his copies and let them securely extract the information from his computer after he received the redacted copies.  M.B. did not indicate at this time (or at any time prior to their second meeting) that FBI would refuse to release such redacted copies, despite being clearly aware of the undersigned's expectations.

Between 18 January 2012 and 26 June 2012, FBI and/or CIA reviewed the two documents for classified information.  On 26 June 2012 the undersigned met again with the same two FBI agents at the Washington Field Office.  In this meeting M.B. informed the undersigned that the two documents did in fact contain classified information, and that FBI intended to securely extract the records from his computer and confiscate any other copies.  The undersigned reminded the two agents that he was willing to fully cooperate once he received redacted copies including only unclassified information.  At this time, the FBI agents informed the undersigned that FBI would not be providing him with these copies because the documents were not FBI records—they were CIA records.  After a protracted argument, M.B. agreed to contact CIA and ask that agency for permission to provide the undersigned with the redacted copies he sought and convey the results of that discussion to the undersigned.

2

In the context of an unrelated FBI review of another classified document (familiar to the Court as the FBI record at issue in *Mobley v. DOD*, No. 11-2073), M.B. informed the undersigned on 5 July 2012 that he was to direct all future correspondence regarding his "FOIA litigation" to two FBI attorneys, A.S. and M.G.  The undersigned asked M.B. if this instruction applied to both the instant case and *Mobley*, and M.B. did not respond.

On 9 July 2012 the undersigned asked A.S. and M.G. if this instruction applied to both cases, and further inquired: "If you are my new points of contact [for the CIA documents] despite the FBI's non-party status, please inform me if the CIA has decided to accede to my request and provide me with a copy of the allegedly classified CIA record with the classified information redacted."  A.S. replied and instructed the undersigned to direct all future correspondence regarding this matter to Mr. Parker, who until that time had consistently refused to discuss the FBI investigation with the undersigned.  The undersigned then addressed his inquiry to Mr. Parker, and resent the email on 18 July 2012 after not receiving a response.  On 18 July 2012 Mr. Parker replied, stating that he would not discuss anything involving the FBI investigation.  The undersigned then requested that A.S. and Mr. Parker resolve the disagreement.  On 28 July 2012 A.S. informed the undersigned that he should not be communicating with *anyone* regarding the CIA documents and that FBI would not discuss the matter further with him.

The relief Plaintiff is seeking is simple.  The undersigned is in possession of two government documents which contain some unknown amount of classified information.  He does not want to provide *any* of that classified information to the Court.  He does not even want to *have* that classified information in his possession.  He has always expressed a complete willingness to cooperate with FBI to ensure that all traces of classified information are removed from his computer.  He is *not*, however, willing to allow FBI to destroy all of the *unclassified*

3

information in those documents, and FBI has no right to insist that he do so.  CIA has already reviewed the documents and identified the classified information.  Providing the undersigned with redacted copies would take mere minutes, since all of the identification and classification review work has already been completed.  The undersigned needs this *unclassified* information to oppose CIA's forthcoming Motion for Summary Judgment, scheduled to be filed 8 August 2012. Unfortunately, the undersigned cannot disclose in a public record his reasons for needing this information, but he will gladly provide the Court with these reasons in an *ex parte* filing upon the Court's request.

This case is distinguishable from the other two situations in which the undersigned has asked the Court for assistance regarding classified information, which the Court denied.  In *Mobley v. CIA*, No. 11-2072 (D.D.C.), the undersigned sought permission to provide a potentially classified email (which was not a government document) obtained through WikiLeaks to the Court *in camera* using special security procedures.  In contrast to that case, the documents at issue in this case are confirmed government documents, and the undersigned does not wish to introduce *any* classified information to the Court, only unclassified information.  In *Mobley v. DOD*, No. 11-2073 (D.D.C.), the undersigned sought permission to provide a classified FBI document to the Court.  To reiterate, the undersigned does not want to provide *any* classified information to the Court in this case.  He is simply asking the Court to stop FBI from attempting to *de facto* confiscate the *unclassified* information in his possession so that he may promptly comply with FBI's wishes and allow FBI to securely remove all traces of *classified* information, and *only* classified information, from his computer.  Since doing that is technically infeasible, the only viable alternative is ordering CIA to provide the *unclassified* information to him in redacted documents so that FBI may delete any copies of the *unredacted* documents from his computer.

For the foregoing reasons, Plaintiff requests that the Court order CIA to promptly provide the undersigned with a copy of each of these two CIA documents with all classified information redacted.  Alternatively, should the Court decide that it needs to review the matter more closely, Plaintiff requests a status conference to address the matter.  Lastly, should the Court find that it needs more information about the undersigned's need for this information, the undersigned requests leave to file an *ex parte* declaration with that information.

The undersigned unsuccessfully attempted to contact Mr. Parker prior to this filing, but assumes that CIA opposes this relief, since this Motion would not be necessary if CIA was willing to provide the redacted documents.  A proposed Order accompanies this Motion.

Date:   August 3, 2012

Respectfully submitted,

 /s/ Kelly B. McClanahan
Kelly B. McClanahan, Esq.
D.C. Bar #984704
National Security Counselors
1200 South Courthouse Road
Suite 124
Arlington, VA  22204
301-728-5908
240-681-2189 fax
Kel@NationalSecurityLaw.org

*Counsel for Plaintiff*